UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| LILLIAN ABALO JOHN, | ) | |
|---|---|---|
| Plaintiff | ) | |
| | ) | 2:17-cv-00378-NT |
| v. | ) | |
| | ) | |
| JOHN LANGOYA, | ) | |
| | ) | |
| Defendant | ) | |

**RECOMMENDED DECISION AFTER SCREENING COMPLAINT
PURSUANT TO 28 U.S.C. §§ 1915(e)**

In this action, Plaintiff Lillian Abalo John evidently asks the Court to alter or overturn a decision of the state court regarding custody of the parties' children.[1] Based on the allegations in the complaint, including the attachments to the complaint, the parties appear to be residents of the State of Maine.

Plaintiff filed an application to proceed in forma pauperis (ECF No. 2), which application the Court granted. (ECF No. 5.) In accordance with the in forma pauperis statute, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2).

Following a review of Plaintiff's complaint, I recommend the Court dismiss the matter.

---

[1] In her complaint, Plaintiff identifies the defendant as John Langoya. (ECF No. 1.) In a notice of pro se appearance, Plaintiff identifies the defendant as John Abore. (ECF No. 3.)

1

## STANDARD OF REVIEW

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action. When a party is proceeding in forma pauperis, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), this is "not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim, *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980).

## FACTUAL BACKGROUND

Plaintiff alleges that the state court awarded Defendant custody of the parties' children. (Complaint, ECF No. 1.) Plaintiff asserts that she is "not happy" about the

decision and requests that she have "responsibility" for the children. (*Id.* at 1.) She also references a divorce action. (*Id.*) Plaintiff apparently also asks the Court to direct the Portland Housing Authority to explain the reason Defendant has been named "head of household," and to designate Plaintiff as "head of household." (*Id.* at 2.)

## DISCUSSION

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton,* 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994)). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen,* 511 U.S. at 377 (citation omitted). "A court is duty-bound to notice, and act upon, defects in its subject matter jurisdiction sua sponte." *Spooner v. EEN, Inc.,* 644 F.3d 62, 67 (1st Cir. 2011). A review of Plaintiff's complaint fails to reveal a basis upon which this Court could exercise either federal question jurisdiction or diversity jurisdiction under 28 U.S.C. §§ 1331 and 1332.

Pursuant to section 1331, federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff's complaint does not assert a claim based on the United States Constitution, a federal statute, or a federal treaty. In the United States, parental disputes over the custody of children are governed by state law, not federal law. *Irish v. Irish*, 842 F.3d 736, 740 (1st Cir. 2016). Accordingly, Plaintiff's complaint fails to state a claim within the Court's federal question jurisdiction.

Pursuant to section 1332, federal district courts also have original jurisdiction "where the matter in controversy exceeds the sum or value of $75,000 … and is between citizens of different States." 28 U.S.C. § 1332(a)(1). In order for Plaintiff's claim to come within this Court's diversity jurisdiction, Plaintiff and Defendant must have been citizens of different states on the date the complaint was filed. Given that the parities' dispute evidently involves a housing issue in Portland, Maine, the current record lacks any evidence that would support diversity jurisdiction. Even if Plaintiff and Defendant had diverse citizenship at the time the complaint was filed, the "domestic relations exception" to the district court's diversity jurisdiction "divests the federal courts of the power to issue divorce, alimony and child custody decrees." *Nwankwo v. Nwankwo*, 993 F.2d 1530 (1st Cir. 1992) (unpublished) (quoting *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992)). *See also Irish*, 842 F.3d at 740 – 41. In this action, Plaintiff specifically asks the Court to award her "responsibility" for or custody of her children. Plaintiff's claim, therefore, is not within the Court's diversity jurisdiction.

Furthermore, to the extent that Plaintiff's claim constitutes a challenge to a state court judgment, Plaintiff's complaint is precluded under the *Rooker-Feldman* doctrine. "The *Rooker-Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)); *Walczak v. Mass. State Retirement Bd.*, 141 F.3d 1150 (1st Cir. 1998)

(unpublished) (citing *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923)).

In sum, because Plaintiff has not alleged an actionable claim within the Court's subject matter jurisdiction, dismissal is appropriate pursuant to 28 U.S.C. § 1915(e)(2).[2]

## CONCLUSION

Based on the foregoing analysis, after a review in accordance with 28 U.S.C. § 1915(e)(2), I recommend the Court dismiss Plaintiff's complaint.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 11th day of October, 2017.

---

[2] To the extent Plaintiff requests relief related to the "head of household" status in connection with the Portland Housing Authority, Plaintiff has not identified any law, federal or state, that would entitle her to pursue an action against Defendant on that issue.